68 F.3d 484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Pauline RICHARDS, Defendant-Appellant.
 No. 94-6273.
D.C. No. CR-93-49-W.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pauline Richards appeals her sentence for distribution of heroin. We affirm.
 
 
 3
 Ms. Richards pled guilty to one count of distribution of heroin. Following an evidentiary hearing, the district court sentenced her to a term of 84 months, to be followed by three years supervised release and a $50.00 special assessment. On appeal, we reversed and remanded the case for resentencing. After another evidentiary hearing, the district court sentenced Ms. Richards to a term of 57 months, again followed by three years supervised release and a $50.00 special assessment. Ms. Richards appeals this sentence on the ground that the district court improperly calculated the quantity of heroin that could be attributed to her.
 
 
 4
 On February 3, 1993, and in five prior transactions, Ms. Richards sold a total of 52.98 grams of heroin to undercover officers. During the last of these six transactions, Ms. Richards displayed additional heroin to an undercover officer but did not sell it to him.
 
 
 5
 Ms. Richards argues that the district court erred in determining under 2D1.1 of the Sentencing Guidelines that relevant conduct included 10.5 grams of heroin, which were neither confiscated nor weighed. In her previous transactions with the officers, Ms. Richards told them she was selling them greater amounts of heroin than she actually delivered. On average, she later delivered 63% of the amounts she claimed to be selling. Accordingly, Ms. Richards argues that only 6.62 grams ought to be included as relevant conduct. This figure would yield a total amount of 59.60 grams, which would reduce her base offense level from 22 to 20. U.S.S.G. 2D1.1.
 
 
 6
 We review factual findings supporting a district court's base offense level calculations under the clearly erroneous standard. United States v. Deninno, 29 F.3d 572, 578 (10th Cir.1994). The government must prove the additional quantities, and connect them to the convicted offense, by a preponderance of the evidence. United States v. Ross, 920 F.2d 1530, 1538 (10th Cir.1990).
 
 
 7
 Two witnesses testified they heard Ms. Richards say she had 10.5 grams of heroin. Detective Wade Taylor, of the Oklahoma City Police Department, testified he met with Ms. Richards on February 3, 1993 and gave her thousands of dollars of police evidence funds in exchange for several ziplock bags containing heroin. He then asked Ms. Richards whether she had more heroin for sale. She showed him a bag containing more heroin and stated that she had an additional 10.5 grams of heroin but that she could not sell him all of it. In a report that night, Mr. Taylor referred to the 10.5 grams of heroin. Another police officer, Detective Phil Long, testified he monitored the conversation between Mr. Taylor and Ms. Richards and heard Ms. Richards say she possessed 10.5 grams of heroin. The district court listened to a recording of this transaction and found that Ms. Richards stated she possessed 10.5 grams of heroin.
 
 
 8
 Although Ms. Richards now argues that she invariably sold Mr. Taylor less heroin than the amounts she represented, Mr. Taylor testified that Ms. Richards did not offer to sell him all of the heroin she showed him because some was spoken for. Even if she meant to cheat Mr. Taylor again, Ms. Richards could well have had 10.5 grams of heroin. The district court heard all the evidence, and we cannot say its findings as to the 10.5 grams was clearly erroneous.
 
 
 9
 The judgment of the district court if AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470